IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GAYE LYNN DILEK BREWER,
    Plaintiff,

vs.                                            Case No.: 3:16cv72/MCR/EMT

T. MICHAEL JONES, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on a civil rights complaint filed under 42 U.S.C. § 1983 by Plaintiff and subsequently amended two times (ECF Nos. 1, 5, 6). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 4).

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir.

1997).  To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679 (citation omitted).  The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted).  And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim

"are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. Finally, consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of Plaintiff's complaints,[1] the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face. Dismissal of this action is therefore warranted.

Plaintiff identifies four Defendants of the "Escambia County Courts" in her complaint, all of whom are judges of the Circuit or County Court in and for Escambia County, Florida: T. Michael Jones, Patricia A. Kinsey, Thomas V. Dannheisser, and

---

[1] Ordinarily, the Court would review Plaintiff's latest complaint only, given Local Rule 15.1 which provides that allegations in an earlier pleading are deemed to be abandoned if they are not included in the amended pleading. Because Plaintiff appears unaware of this rule, and because her amended pleadings appear to be supplementary in nature rather than true amendments, the court will review all her complaints in this action collectively.

Case No.: 3:16cv72/MCR/EMT

Jennifer J. Frydrychowicz. Plaintiff's claim involves a traffic stop that occurred on November 27, 2014, and resulted in her receiving two unsigned traffic tickets (ECF No. 1 at 3). Plaintiff alleges that the traffic tickets were not signed by the officer who issued the traffic citations (*id.*). Plaintiff indicates that one of the citations she received was for failure to dim her automobile headlights, and the court takes judicial notice of information available on the database maintained by the Escambia County Clerk of Court, viewed July 21, 2016, http://www.escambiaclerk.com, which indicates that on November 27, 2014, Case No. 2014-TR-033268-IUTC was filed, charging Plaintiff with failure to dim headlights. The court also takes notice of the other charge filed against Plaintiff on November 27, 2014, Case No. 2014-CT-003380, for driving while license suspended.**²** Plaintiff describes the tickets she received as malicious and blames the judges for the prosecution of these citations against her (*id.* at 3–4). Although she identifies no actual hearing in particular, she states that the actions taken against her were corrupt and rife with perjury. Plaintiff indicates she spent time in jail

---

² The doctrine of judicial notice permits a judge to consider dockets and opinions therein. *See* Fed. R. Evid. 201(b); McDowell Bey v. Vega, 588 F. App'x 923, 926–27 (11th Cir. 2014); Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); Young v. City of Augusta, Ga., 59 F.3d 1160, 1166 n.11 (11th Cir. 1995) (citing United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)).

because the judge(s) involved accepted a facially invalid warrant that was apparently related to the traffic violations (*id.* at 3).

Plaintiff thereby claims violations of 28 U.S.C. § 2403 and the Crime Control Act of 1994, as well as Florida Statutes §§ 95.11 and 30.15 and Rule 6.080 which, according to Plaintiff, addresses improper disposition of a traffic ticket. As relief, she seeks monetary damages in the amount of two million dollars, and she also appears to seek the prosecution of those responsible for the invalid tickets.

Plaintiff's claims against the Defendant judges are barred by the doctrine of judicial immunity. *See* Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing Mitchell v. Forsyth, 472 U.S. 511, 526–27, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985)); Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980); Sibley v. Lando, 437 F.3d 1067, 1071 (11th Cir. 2005). Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); Mireles, 502 U.S. at 11; Forrester v. White, 484 U.S. 219, 227, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988).

Whether an act by a judge is a 'judicial' one relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Mireles, 502 U.S. at 11 (citing Stump, 435 U.S. at 362); *see also* Simmons v. Conger, 86 F.3d 1080, 1085 (11th Cir. 1996). The relevant inquiry is the "nature" and "function" of the act, not the "act itself." Mireles, 502 U.S. at 13 (citing Stump, 435 U.S. at 362). In other words, the court must look to the particular act's relation to a general function normally performed by a judge.

A judge is not deprived of absolute immunity from liability for damages because an action he took was in error, was illegal, was done maliciously, or was in excess of his authority. Stump, 435 U.S. at 355–57; *see also* Mireles, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice). Rather, a judge is subject to liability only when he acted in clear absence of all jurisdiction, and knew or must have known that he was acting in such a manner. Simmons, 86 F.3d at 1084–85 (citing Stump, 435 U.S. at 356–57). An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. Dykes, 776 F.2d at 946–47 (citations omitted). The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not

the manner, method, or correctness of the exercise of that power." 48A C.J.S. Judges § 86. Furthermore, for the purposes of immunity, a judge's jurisdiction is construed broadly. Stump, 435 U.S. at 357. Thus, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. Harper v. Merckle, 638 F.2d 848 (5th Cir. 1981) (judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction). The proper inquiry for determining judicial immunity is not whether the judge actually had jurisdiction, or even whether the judge exceeded his jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power. Stump, 435 U.S. at 357 (quotation omitted).

In the instant case, the specific conduct of which Plaintiff complains are functions normally performed by a judge. Furthermore, as Plaintiff was a party in the cases over which Defendants were presiding, Defendants were clearly dealing with her in their judicial capacity. Therefore, they are entitled to immunity from Plaintiff's claims for damages.

Additionally, § 1983 limits the relief available to Plaintiff to only declaratory relief. See 42 U.S.C. § 1983 (". . . in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was

unavailable."). However, in order to receive declaratory relief, Plaintiff must establish "that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." Bolin v. Story, 225 F.3d 1234, 1242–43 (11th Cir. 2000) (citing Newman v. Alabama, 683 F.2d 1312 (11th Cir. 1982)). Regardless of whether Plaintiff could establish the existence of a constitutional violation and a risk of continuing irreparable injury—a highly doubtful proposition, based on the allegations of her complaint—she cannot establish the third requirement. Specifically, Plaintiff cannot show the absence of an adequate remedy at law. Plaintiff had the option of appealing the judges' rulings to the appropriate state appellate court(s). Because an adequate remedy at law was available to Plaintiff, she is not entitled to declaratory or injunctive relief.

Moreover, the injunctive or declaratory relief that Plaintiff seems to seek is the imposition of criminal charges against those responsible for her ticket. A private individual cannot bring an action under a criminal statute, because the court is not vested with power to prosecute criminal cases. *See* Higgins v. Neal, 52 F.3d 337 (10th Cir. 1995); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (noting that "[o]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242"); *see also* Dugar v. Coughlin, 613 F. Supp. 849 (S.D.N.Y. 1985) (no private right of action under federal criminal statutes); Powell v. Kopman, 511 F. Supp. 700, 704 (S.D.N.Y.

1981) (same).  As a private citizen, Plaintiff "has no judicially cognizable interest" in the prosecution of another.  Otero v. United States Attorney Gen., 832 F.2d 141 (11th Cir. 1987) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973)); *see also* Cok, 876 F.2d at 2; Higgins v. Neal, 52 F.3d 337 (10th Cir. 1995).

As Plaintiff has presented no viable claims under Section 1983, the complaint should be dismissed.

Accordingly, it respectfully **RECOMMENDED**:

That the complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

At Pensacola, Florida, this 26th day of July 2016.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**